**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 07-0850-WS-M** |
| ) | |
| **WARRANTECH AUTOMOTIVE, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on the defendants' second motion to dismiss or for more definite statement. (Doc. 22). The parties have submitted briefs in support of their respective positions, (Docs. 22, 29, 31, 32), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion for more definite statement is due to be denied and the motion to dismiss is due to be denied in part pending further briefing.

## BACKGROUND

The plaintiff filed suit in state court, which the defendants removed on the basis of diversity of citizenship and federal question. (Doc. 1). The defendants moved to dismiss or for more definite statement, (Doc. 7), and the Court granted the latter motion based on the plaintiff's concession that it was meritorious. (Doc. 18). The plaintiff filed an amended complaint, (Doc. 19), which is the subject of the current motions. Unless otherwise noted, the following information is derived from the amended complaint.

The plaintiff ("ARIC") is an insurance company historically offering commercial property and casualty insurance. (Doc. 19, ¶ 1). Its chairman and chief executive officer

was James Tait, and its secretary was Lee Summers.  (*Id.*, ¶ 1).[1]  All shares of ARIC were owned by Investment, and in March 2005 Tait and Summers, with other investors, purchased all shares of Investment through an entity known as Holding.  (*Id.*, ¶ 4).

The defendants are: Warrantech Automotive, Inc. ("Warrantech"); Warrantech Automotive of Florida, Inc. ("Florida"); Butler Financial Solutions, L.L.C. ("Butler"); VEMECO, Inc. ("VEMECO"); Joel San Antonio; Jeanine Folz; and Richard Gavino.  (*Id.* at 1).  Warrantech owns, controls or manages Florida, Butler and VEMECO.  (*Id.*, ¶¶ 3-5).  San Antonio and Folz acted as officers, employees or agents of the corporate defendants.  (*Id.*, ¶ 2).  Gavino acted within the line and scope of his employment with the corporate defendants.  (*Id.*, ¶ 10).

Tait and Summers caused Investment and Holding to enter certain agreements with the corporate defendants and with non-party The Evoleno Company ("Evoleno"), obligating ARIC to provide insurance for automobile warranty contracts and vehicle service contracts.  (Doc. 19, ¶¶ 1, 4, 9).  Their positions with ARIC gave them no authority to do so, and they acted without the knowledge of ARIC's president.  Pursuant to these contracts, ARIC issued policies to the corporate defendants.  (*Id.*, ¶ 8).  This occurred on October 1, 2005.  (Doc. 32 at 5).  Tait and Summers thereafter diverted fees to which ARIC was entitled to Investment, Holding, and another entity.  (Doc. 19, ¶ 4).

In order to induce Tait and Summers to contractually obligate ARIC to issue the policies, defendants San Antonio and Folz made certain fraudulent representations (listed in 14 sub-paragraphs), either directly or through non-parties Susan Marino and Robert Vetkoetter, who were associated with Evoleno.  (Doc. 19, ¶¶ 2, 6-8).[2]  Among these representations was that re-insurance would be provided by Capital Assurance Risk

---

[1]The amended complaint repeatedly starts a new sequence of numbered paragraphs, so that it contains four paragraph 1's.

[2]ARIC has sued Marino, Vetkoetter and Evoleno in a separate lawsuit.  *American Resources Insurance Co. v. The Evoleno Co.*, Civil Action No. 07-0035-WS-M.

Retention Group.  The corporate defendants did not in fact obtain re-insurance.  (Doc. 19, ¶¶ 18-19).

The contracts provided for establishment of a trust for the payment of claims on the automobile warranty contracts and vehicle service contracts issued by the corporate defendants.  The trustees were Gavino, Marino and Tait, and the sole beneficiary was ARIC.  (Doc. 19, ¶¶ 10-11).

The contracts provided that ARIC would provide insurance: only in states in which it was licensed to provide insurance products; only on vehicle service contract forms approved by ARIC; only with terms approved by ARIC; only with proper payment of reserves into the trust account; and only with proper payment of fees.  (Doc. 19, ¶ 5).  The corporate defendants breached each of these terms.  (*Id.*, ¶¶ 12-17, 20-21).

The corporate defendants also agreed to provide a copy of each contract and to give ARIC the right to inspect and audit all contracts and relevant corporate records.  The defendants have breached these terms.  (Doc. 19, ¶¶ 35-36, 38).

On or about April 14, 2006, ARIC cancelled the policies effective June 14, 2006.  (Doc. 19, ¶ 22).  The defendants nevertheless thereafter sold over 3,000 vehicle service and/or automobile warranty contracts naming ARIC as insurer.  (*Id.*, ¶¶ 25, 39).

After the policies were cancelled, San Antonio, Folz and Gavino made certain fraudulent representations to ARIC concerning the corporate defendants' past actions and future conduct.  (Doc. 19, ¶¶ 26-34).

ARIC has been damaged by the defendants' conduct in at least the following ways: (1) because inadequate funds were placed in trust, because the trust was mismanaged, and because re-insurance was not obtained, ARIC's exposure is greater than represented; (2) ARIC's rating was downgraded by A.M. Best from A- to B, resulting in a loss of new and renewal business; and (3) because of continuing uncertainty over the 3,000-plus contracts issued by the corporate defendants after the policies were cancelled, Hermitage Insurance Company backed out of an agreement to purchase Investment,

which purchase would have infused capital surplus into ARIC.  (Doc. 19, ¶¶ 19, 23-24, 40).

The amended complaint asserts the following causes of action:

- Count One: Breach of Contract (corporate defendants)

- Count Two: Fraud (all defendants)

- Count Three: Negligence (all defendants)

- Count Four: Wantonness (all defendants)

- Count Five: Fraud, Suppression and Deceit (all defendants)

- Count Six: RICO (all defendants)

- Count Seven: Accounting (corporate defendants)

- Count Eight: Declaratory judgment (corporate defendants)

(Doc. 19 at 18-28).  The instant motion attacks the first six of these counts.


## DISCUSSION


**I.  Motion to Dismiss.**

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...."  *Id.*  Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2).  *Id.* at 1965.  "Stated differently, the factual allegations in a complaint must 'posses enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of

"entitlement to relief."'"  *Weissman v. National Association of Securities Dealers, Inc*.,
500 F.3d 1293, 1310 (11ᵗʰ Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1966).

If, but only if, "a claim has been stated adequately [under Rule 8(a)(2)], it may be
supported by showing any set of facts consistent with the complaint." *Twombly*, 127 S.
Ct. at 1969 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).[3]  That is, "[a]
motion to dismiss [for failure to state a claim] may be granted only when a defendant
demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his
claim which would entitle him to relief."  *Kirwin v. Price Communications Corp*., 391
F.3d 1323, 1325 (11ᵗʰ Cir. 2004) (internal quotes omitted).  "When considering a motion
to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the
court limits its consideration to the pleadings and the exhibits attached thereto."
*Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11ᵗʰ Cir. 2000) (internal quotes
omitted).

### A.  Breach of Contract.

The defendants argue that, in order to state a claim upon which relief may be
granted, a plaintiff is required to "either attach the contract or ... provide certain details
about the contract," which they identify as the date of the contract, the parties thereto,
and a "summar[y]" of its "text."  (Doc. 22 at 3).

The defendants' only authorities for the proposition this degree of detail is
required in order to avoid dismissal are Forms 10(a) and 17 to the Federal Rules of Civil
Procedure.  (Doc. 22 at 3).  Those forms, however, do not purport to establish pleading
minima below which a plaintiff may not go; on the contrary, the rules describe the forms
as "illustrat[ive]," not binding.  Fed. R. Civ. P. 84.

Nor have the defendants suggested why their proposed rule makes sense,

---

[3]Reports of *Conley*'s "demise," (Doc. 22 at 2), have been greatly exaggerated.  It
has simply been demoted to the second step in the analysis.

especially under the circumstances of this case.  Because ARIC was not a party to the contracts, because those that were are antagonistic to ARIC,[4] because some of the contracts were oral, (Doc. 19, ¶ 42), and because the only versions of any of the written contracts now in ARIC's possession are unsigned, (Doc. 29 at 4), ARIC could not allege with confidence the date of each contract or the parties thereto, and the defendants, as signatories or their employees, have access to this information.  As to terms, the ones that matter for a breach of contract claim are those alleged to have been breached,[5] and the amended complaint sets forth those terms.[6]

On the argument and authority presented, the motion to dismiss is due to be denied.


### B.  Fraud.

The defendants argue that the fraud claim fails to satisfy Rule 9(b).  (Doc. 22 at 3-4).  "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988); *see also Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985) (Rule 9(b)'s "clear intent is to eliminate fraud actions when all facts are learned through discovery after the complaint is filed.").

Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were

---

[4]ARIC fired Tait and Summers for their conduct, and they remain hostile to ARIC. (Doc. 29 at 1).

[5]The forms' suggestion to "summarize" the contract, read in context, almost certainly contemplates no more.

[6]The defendants' suggestion to the contrary, (Doc. 32 at 2), is incorrect.  (Doc. 1, ¶¶ 5, 35-36).

made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade International, Inc*., 256 F.3d 1194, 1202 (11ᵗʰ Cir. 2001) (internal quotes omitted).

In their one-sentence argument, the defendants assert that the amended complaint fails to state "precisely" what was said; fails to state "where and when" the statements were made; and fails to identify the "persons responsible." (Doc. 22 at 4). With respect to what was said, the amended complaint lists 14 specific representations, (Doc. 19, ¶ 7), and the defendants fail to articulate just what additional "precis[ion]" they expect.

With respect to the persons responsible for the representations, the amended complaint alleges that each representation was made by both San Antonio and Folz, or by Marino and/or Vetkoetter with the knowledge and approval of San Antonio and Folz. (Doc. 19, ¶ 7). Had the representations been made directly to ARIC, perhaps more specificity could be expected, but here the representations were made to Tait and Summers, who are not merely non-parties to this action but persons whose interests are affirmatively antagonistic to those of ARIC. The defendants have not addressed the impact of this circumstance on the particularity that can be demanded of the plaintiffs,[7] nor have they acknowledged that "[t]he application of the rule ... must not abrogate the concept of notice pleading." *Tello v. Dean Witter Reynolds, Inc*., 494 F.3d 956, 972 (11ᵗʰ Cir. 2007) (internal quotes omitted). Their suggestion that ARIC could have obtained additional information from Marino and Vetkoetter, (Doc. 32 at 3), overlooks that, as defendants in a lawsuit brought by ARIC, they are in as adversarial a position relative to ARIC as are Tait and Summers.

_____

[7]*See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1298 at 232 (3ʳᵈ ed. 2004) ("When the pleader is asserting that third persons have been defrauded, the pleader may lack sufficient information to be able to detail the claim at the outset of the action and less particularity should be required.").

With respect to the timing of the representations, the amended complaint states they were made sometime in 2005 before the policies were issued. (Doc. 1, ¶¶ 1, 8-9). The defendants acknowledge that the relevant time frame is February to September 2005. (Doc. 32 at 5). With respect to the location of the representations, the amended complaint states that San Antonio and Folz communicated with Tait and Summers by telephone and e-mail. (Doc. 19, ¶ 6). Again, the defendants do not address the particularity that can be required when the representations were not made directly to the plaintiff but to a third party with interests antagonistic to the plaintiff, nor do they acknowledge that, "[w]hile allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, ... alternative means are also available to satisfy the rule ...." *Tello*, 494 F.3d at 972-73 (emphasis and internal quotes omitted). This quote at the very least draws into question the defendant's ipse dixit that the *Ziemba* formulation is "rigid." (Doc. 22 at 3).

On the argument and authority presented, the motion to dismiss is due to be denied.

### C.  Negligence and Wantonness.

The amended complaint alleges that the defendants "were negligent in the handling of their business affairs and their handling of the automobile warranty business which they induced ARIC to enter." (Doc. 19, ¶ 51). It further alleges that the defendants "acted with conscious disregard to the business of ARIC with knowledge that their actions would harm ARIC ...." (*Id*., ¶ 54). The amended complaint does not expressly allege the existence of a duty to act non-negligently or non-wantonly, and the defendants argue that this is a fatal pleading defect. (Doc. 22 at 4).

The defendants cite no authority for the proposition that the failure to allege the existence of such a duty subjects a claim to dismissal under Rule 12(b)(6). Indeed, they acknowledge that no such pleading is necessary when the existence of the duty is "well

defined," such as the duty of a driver to operate a vehicle non-negligently.  (Doc. 22 at 4).
But because the defendants are not clear as to how they owed a duty of non-negligence,
they conclude that the plaintiff should be required to allege "facts that would explain why
a duty of care exists."  (*Id*.).

As noted, the defendants have cited no authority in support of their position.  Nor
have they attempted to show that, assuming such a pleading requirement exists, the
amended complaint fails to satisfy it.  It may be, as they suggest, that no duty in tort runs
from one contracting party to another absent an express contractual commitment to use
due care, but ARIC is not alleged to be in a contractual relationship with any of the
defendants; on the contrary, the amended complaint alleges that Holding and Investment,
"instead of ARIC," contracted with the corporate defendants.  (Doc. 19, ¶ 4).  And the
individual defendants, as far as the amended complaint discloses, are not in a contractual
relationship with anyone but their employers.  Given the defendants' failure to address the
matter, the Court cannot assume that the amended complaint fails to plead facts sufficient
to suggest the existence of a duty in tort, should such pleading be required.

On the argument and authority presented, the motion to dismiss is due to be
denied.

### D.  Fraud, Suppression and Deceit.

While Count Two addresses fraudulent representations made to Tait and Summers
before the policies were issued, Count Five addresses representations made directly to
ARIC after it cancelled the policies.  (Doc. 19 at 21-23).  ARIC thus cannot successfully
assert that the information outlined in *Ziemba* lies outside its awareness.

The defendants, however, have not satisfied their initial burden of explaining how
Count Five is deficient.  Their two conclusory sentences[8] do not shift to the Court the

---

[8](Doc. 22 at 5 ("[T]his count wholly fails to give the detail required by Rule
9(b)."); Doc. 32 at 4 ("There is total noncompliance with Rule 9(b).")).

burden of finding support for their ipse dixit.

On the argument and authority presented, the motion to dismiss is due to be denied.

### E.  RICO.

The defendants provide a background of various pleading requirements under RICO, but they ultimately advance only two arguments in support of their motion to dismiss: (1) that the predicate acts of mail fraud and wire fraud are not pleaded with the particularity required by Rule 9(b); and (2) that, as a matter of law, eight months (February through September 2005)[9] is too short to satisfy the continuity requirement. (Doc. 22 at 5-7; Doc. 32 at 5-6).

With respect to particularity, the defendants concede that the same Rule 9(b) analysis obtains as under Count Two.  (Doc. 22 at 7; Doc. 32 at 5).  The same result thus follows.

With respect to continuity, the defendants' argument was raised for the first time in their reply brief.  (Doc. 32 at 6).  The plaintiff has not had the opportunity to respond to the argument, which draws support from *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004).  Accordingly, the Court will provide the plaintiff such an opportunity before ruling on the motion to dismiss the RICO claim.


### II.  Motion for More Definite Statement.

The defendants complain that the amended complaint precludes them from telling which of the 40 numbered paragraphs of factual allegations support which counts, (Doc.

---

[9]The plaintiff admits that the first communication occurred in February 2005, that the goal of the enterprise was to induce Tait and Summers to commit ARIC to provide policies, and that this was accomplished on October 1, 2005.  (Doc. 19, ¶ 72; Doc. 29, ¶ 7).

22 at 2), but they proceed to perform an excellent job of pairing them up.  No doubt the amended complaint could be further improved, but it is not the monster of confusion against which the Eleventh Circuit's frustration has been vented.  *E.g., Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979-83 (11th Cir. 2008).

## CONCLUSION

For the reasons set forth above, the motion for more definite statement is **denied** and the motion to dismiss is **denied** as to Counts One through Five.  With respect to Count Six, the motion to dismiss is **denied** with respect to all grounds advanced other than the plaintiff's inability to satisfy the continuity requirement.

The plaintiff is **ordered** to file and serve, on or before **May 1, 2008**, a supplemental brief addressing the defendants' argument concerning the continuity requirement.  The defendant is **ordered** to file and serve any supplemental brief on its continuity argument on or before **May 8, 2008**.  The Court will take under submission the motion to dismiss as it pertains to the continuity requirement under Count Six on **May 8, 2008**.

DONE and ORDERED this 21st day of April, 2008.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE